**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| COREY M. WRIGHT, <br><br> Plaintiff, <br><br> v. <br><br> WAAWAATESI LLC d/b/a GREENLINE LOANS, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.** <br> 2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §1788 *ET SEQ*.** <br> 3. **CALIFONIA INVASION OF PRIVACY ACT, CAL. PEN. CODE §630 *ET SEQ*.** <br><br> JURY TRIAL DEMANDED |

**NOW COMES** COREY M. WRIGHT, through undersigned counsel, complaining of WAAWAATESI LLC d/b/a GREENLINE LOANS., as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code §1788 *et seq*., and the California Invasion of Privacy Act (the "CIPA"), Cal. Pen. Code §630 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. COREY M. WRIGHT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oroville, California.

5. WAAWAATESI LLC d/b/a GREENLINE LOANS ("Defendant") is a limited liability company with its principal place of business located in Hay, Montana.

## FACTUAL ALLEGATIONS

6. In or around March 2021, Plaintiff began receiving collection calls to his business cellular phone from Defendant attempting to speak with a person by the name of "Eric."

7. Plaintiff advised Defendant that he did not know anyone by that name and requested that Defendant stop calling him.

8. Unfortunately, Defendant continued to place call to Plaintiff and would leave a voicemail for Plaintiff when he did not answer.

9. Plaintiff *never* provided his phone number to Defendant or otherwise expressly consented to Defendant's phone calls.

10. Despite knowing that Plaintiff had requested that the calls cease, Defendant continued to call Plaintiff on his business cellular phone, interrupting his workflow and his ability to conduct business by using his telephone.

11. Whenever Plaintiff now answers a phone call from Defendant, Plaintiff will hear a 3 second pause and then the call will terminate.

12. Defendant has used phone numbers to place collection calls to Plaintiff's phone number, including but not limited to, (877) 589-7918.

13. Notwithstanding Plaintiff's request that Defendant's calls cease, Defendant placed or caused to be placed at least 20 calls to Plaintiff without Plaintiff's prior consent.

## DAMAGES

14. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life, business, and general well-being.

15. Defendant's phone harassment campaign have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, inability to conduct business on his business phone when Defendant calls, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

16. In addition, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's telephone such that Plaintiff was unable to receive other phone calls.

17. Concerned with the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

20. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

21. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

22. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 20 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

23. As pled above, Plaintiff revoked consent to be called on his cellular phone on during an answered call in March 2021.

24. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

25. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

26. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

27. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

28. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

29. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, COREY M. WRIGHT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (Cal. Civ. Code §1788)**

30. Plaintiff restates and realleges Paragraphs 1-36 of this Complaint as though fully set forth herein.

31. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary course of business.

33. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. Cal. Civ. Code §1788.17

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d(5), e, and f as stated below.

35. As pled above, Plaintiff was harmed by Defendant's behavior.

36. Pursuant to Cal. Civ. Code §1788.17, by violating §§1692c(a)(1), d(5), e, and f of the FDCPA, Defendant also violated the RFDCPA.

### a. Violations of FDCPA § 1692c

37. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

38. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the person for whom Defendant was calling.

39. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after he demanded that Defendant cease contacting him was harassing and abusive.

40. Moreover, Defendant was notified by Plaintiff that he was not "Eric," so Defendant had ample notice that Plaintiff was not the person that Defendant was seeking. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to Plaintiff.

### b. Violations of FDCPA § 1692d

41. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

42. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

43. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking a person named "Eric." Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that he was not "Eric" and demanded that the calls cease.

44. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly in an attempt to engage Plaintiff in a conversation with the intent to annoy, abuse, or harass Plaintiff.

45. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

46. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that he was not the person that Defendant was seeking and that he no longer wished to be contacted on his cellular phone.

### c. Violations of FDCPA § 1692e

47. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt." 15 U.S.C. §1692e.

48. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

49. Defendant violated §§1692e and e(10) when it continued its harassing behavior by calling Plaintiff in a deceptive attempt to force him to answer its calls despite Plaintiff advising that he was not "Eric," the person with whom Defendant was attempting to speak.

### d. Violations of FDCPA § 1692f

50. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

51. Defendant violated §1692f and f(1) when it unfairly and unconscionably continued to call Plaintiff despite Plaintiff requesting that the calls cease.

52. Specifically, Defendant repeatedly attempted to dragoon Plaintiff into answering the phone so that Defendant could harass him to obtain information about "Eric." The means employed by Defendant only served to irritate and annoy Plaintiff.

53. Defendant had enough information to be aware of the fact that Plaintiff was not the person Defendant was attempting to contact. Nevertheless, it persisted with its phone call campaign in contacting Plaintiff and knew that its conduct was inconvenient and harassing to Plaintiff.

54. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

**WHEREFORE**, Plaintiff, COREY M. WRIGHT, respectfully requests that this Honorable Court:

a. A finding that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

b. An award of actual damages;

c. An award of statutory damages;

d. An award of Plaintiff's reasonable attorney's fees and costs;

e. An award of any other relief this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT
### (CAL. PEN. CODE §630)

55. Plaintiff restates Paragraphs 1-54 of this Complaint as though fully set forth herein.

8

56. Cal. Pen. Code §632.7(a) states:

> Every person who, without the consent of all parties to a communication, intercepts or received and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500). . .If a person has been convicted previously of a violation of this section or of Section 632, 632, 632.5, 632.6, or 636, the person shall be punished by a fine bot exceeding ten thousand dollars ($10,000). . . Cal Pen. Code §632.7(a).

57. Defendant violated Cal. Pen. Code §632.7(a) by failing to inform Plaintiff that it was recording the phone calls that it placed to Defendant.

58. Cal. Pen. Code §632 can be enforced according to Cal. Pen. Code §637.2, which states:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>     (1) Five thousand dollars ($5,000) per violation.
>     (2) Three times the amount of actual damages, if any, sustained by the plaintiff.
> …
>     (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

**WHEREFORE**, Plaintiff, COREY M. WRIGHT, respectfully requests that this Honorable Court:

a. A finding that Defendant's conduct violated the CIPA;

b. An award of statutory damages of $5,000 per violation as allowed by Cal. Pen. Code §637.2(a);

c. An award of three times the amount of actual damages as sustained by Plaintiff, to be determined at trial;

d. An award of any other relief this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: November 8, 2021                                  Respectfully submitted,

**COREY M. WRIGHT**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com